IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | Civil Action No.  11-cv-5117 |
| v. | ) ) | |
| J E S PERSONNEL CONSULTANTS, INC., D/B/A GENIE TEMPORARY SERVICE | ) ) | Judge Rebecca R. Pallmeyer |
| Defendant | ) | |
| and | ) ) | Magistrate Judge Schenkier |
| STEVEN STEELE, | ) ) | |
| Intervening Plaintiff, | ) ) | |
| v. | ) ) | |
| J E S PERSONNEL CONSULTANTS, INC., D/B/A GENIE TEMPORARY SERVICE | ) ) ) | |
| and | ) ) | |
| CLOVER TECHNOLOGIES GROUP, LLC | ) | |
| Defendants | ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against JES  Personnel Consultants, Inc. ("JES") under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991.  EEOC alleged that JES violated the Americans with Disabilities Act as amended ("ADA") by failing to place Steven Steele in temporary jobs because of his disability, which is epilepsy. Later, Steele intervened and filed an intervening complaint against JES and also filed a complaint against Clover Technologies Group, LLC. JES filed answers and affirmative defenses to the complaint and intervening complaint in which it denied the allegations.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations EEOC and Steele on the one hand and JES  and Dale Sippel on the other hand (the "Settling Parties") agree to the entry of this Consent Decree.

1

## Findings

Having carefully examined the terms and provisions of this Consent Decree, the Court finds the following:

1.      This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f) (1) and (3) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      This Court has jurisdiction over the Settling Parties.

3.      The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable and just. The rights of the Settling Parties and the interests of the public are adequately protected by this Consent Decree.

4.      This Consent Decree conforms to the Federal Rules of Civil Procedure and the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments of 2008 ( hereafter, "ADA"), and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of the ADA.

5.      JES Personnel Consultants, Inc. "JES" has represented to the plaintiffs and this court that it has closed its offices in LaSalle, Galesburg, Mount Carroll, and Rock Falls, Illinois and is closing its office in Joliet, Illinois, and that Dale J. Sippel is President of and owner of JES.

6. Dale J. Sippel consents to the jurisdiction of this court agrees to be bound by the terms of this Consent Decree.

WHEREFORE, upon the consent of the Settling Parties, IT IS ORDERED, ADJUDGED AND DECREED:

## Monetary Relief

7.      Within 7 days of the entry of JES's receipt of a release of claims signed by Steven Steele JES shall issue a check jointly payable to Steven Steele and Longo and Associates, Ltd. in the amount of $80,000. JES shall withhold no amount from that sum. JES has no obligation to pay any additional amount, such as attorney fees. A copy of that check shall be sent to EEOC. If JES fails to pay the monetary amounts specified above within the time

2

provided, the EEOC may apply to the Court for appropriate relief.

\* \* \*

8.     In the event that JES Personnel Consultants, Inc. returns to business as an employment agency or Dale J. Sippel engages in the business of an employment agency ("The Reestablished Business") within two years from the entry of this Consent Decree, Dale J. Sippel shall immediately so advise the EEOC at the address indicated below and Dale J. Sippel and The Reestablished Business shall be bound by and adhere to Paragraphs 9- 28 below.

### Non- Retaliation

9.     The Reestablished Business and its directors, officers, managers, supervisors, agents, successors, assigns, and all persons acting in concert with it, are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination thereunder, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA or asserted any rights under this Decree.

### Injunction against Discrimination on the Basis of Disability

10.     The Reestablished Business, its directors, officers, managers, supervisors, agents, successors, assigns, and all persons acting in concert with it, are enjoined from engaging in any practice that discriminates on the basis of disability in violation of the ADA

### Definitions

11.     As used herein, the following terms shall have the following meanings:

"Client" means an employer to whom The Reestablished Business refers or assigns Workers.

"Contract" means an agreement between The Reestablished Business and a Client whereby The Reestablished Business agrees to refer or assign Workers to a Client.

"Release to return to work" means a statement from a doctor that a Worker may return to work, with or without limitations or accommodations.

"Worker" means a person whom The Reestablished Business has referred or assigned to work at a Client's place of business or worksite.

3

**Adoption and Distribution of Americans with Disabilities Act Policy**

12.     Within thirty days after The Reestablished Business begins operations,  it shall adopt an Americans with Disability Act (ADA) policy and include it in the employee handbook.  Among other things that policy shall implement the following goals:

a)     Whenever the business  learns that a Client seeks to require an individual Worker who has been employed by the Client but who is on a medical leave, to submit a release to return to work, a procedure is established whereby the Client is informed that the ADA provides that an employer shall not require a medical examination and shall not make inquiries of a current  employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

b)     Whenever a Client requires that an individual Worker submit a release to return to work, a procedure is established whereby the Client advises the business  of the reasons for the request, the business or the Client submits to the doctor a job description of the Worker's job, and the Worker is allowed to present to the doctor (and The Reestablished Business and/or the Client) his/her description of the duties of his/her job and his/her views as to whether and how s/he can perform its essential functions with or without an accommodation.

c) Whenever The Reestablished Business or a Client receives a release to return to work (with or without limitations or accommodations) as to a particular Worker and either The Reestablished Business or the Client determines that the release to return to work is inadequate, The Reestablished Business shall promptly advise the Worker in writing of that determination and the reasons for it.

d) Workers are notified of the name and phone number of the person at The Reestablished Business to be contacted if a Worker with a disability seeks an accommodation.

e)  Whenever The Reestablished Business learns that a Worker with a disability has requested or may need an accommodation, a procedure is established whereby The Reestablished Business engages in the interactive

4

process to determine whether there is an appropriate accommodation, including contacting Job Accommodation Network at http://askjan.org,

13      The Reestablished Business shall deliver a copy of its ADA policy to EEOC within thirty days of reestablishing business.

14.      The provisions in paragraphs 12 and 13 above, do not constitute EEOC's or the Court's endorsement or approval of The Reestablished Business's ADA policy.

15.      Within 30 days of the reestablishment of business, The Reestablished Business shall distribute a copy of its ADA policy to each Worker employed on this date by advising them that they may pick up a copy of the ADA policy at any of the its facilities. Thereafter, it shall a) give a copy of its ADA policy to each person who applies for work through it, at the time of such application, and b) for a period of thirty (30) days, advise every person who calls in for work that they may pick up a copy of the ADA policy at any of The Reestablished Business's facilities.

### Posted Notice

16.      Within 30 days after the reestablishment of business, and continuously for the duration of this Consent Decree, The Reestablished Business shall conspicuously post the Notice attached as Exhibit A at each facility on a bulletin board used for notices to employees and applicants. Such bulletin board shall be readily accessible to employees and applicants. Within 30 calendar days after the reestablishment of business, The Reestablished Business shall certify to the EEOC in writing that the notice have been posted in its facilities in compliance with this paragraph.

### Training

17.      Within 30 days of the reestablishment of business all administrative and managerial personnel and all members of The Reestablished Business's Human Resources Department shall receive training on the employment provisions of the ADA, including but not limited to non-discrimination, the duty of accommodation, and the provisions of the ADA on medical exams and inquiries about disability status. The training shall be by one or more lawyers with the firm of Segal McCambridge Singer and Mahoney, Ltd. or by a person or organization proposed by the Reestablished Business and approved by the EEOC. The Reestablished Business shall provide a written description of the proposed training to the EEOC

at least fifteen (15) days prior to the proposed date(s) of the training. The EEOC shall have five (5) calendar days from the date of receipt of the information described above to accept or reject the proposed training. If the EEOC and The Reestablished Business cannot through this process agree on the training, then they may seek the Court's assistance under Paragraph 24.

18.     The Reestablished Business shall certify to the EEOC in writing within five business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) the name and position of each person in attendance.

## Record Keeping

19.     For the duration of this Decree, The Reestablished Business shall maintain, and make available for inspection and copying by the EEOC, records, including the name, address, and telephone number, of each employee who complained of disability discrimination, or requested an accommodation, or sought to return to work after a medical leave, or was required by a Client to submit a release to return to work from a doctor, and of the information learned during and as a result of any investigation of the above matter(s), and the resolution of such matters.

20.     The Reestablished Business shall make all documents or records referred to in Paragraph 19 above available for inspection and copying within ten business days after the EEOC so requests.

## Reporting

21.     The Reestablished Business shall furnish to the EEOC a written report every six months for the term of this Decree covering each facility. Each such report shall contain the name and address of each Worker who, in the last six months, a) complained of disability discrimination and the nature of the complaint; b) requested an accommodation and the type of accommodation sought; c) excluding Workers Compensation matters, sought to return to work from medical leave, and the nature of any restrictions or limitations his or her treating physician imposed. Such reports shall state what actions it has taken to resolve each complaint, request for accommodation, and request to return to work from medical leave. If no Worker made such a complaint or request, an officer of The Reestablished Business shall submit a signed statement so stating. Moreover, the report shall also contain a statement signed by the branch manager

each facility that the Notice required to be posted in Paragraph 16, above, remained posted during the entire six month period preceding the report. The last such report shall be due one month before the end of this e Decree.

## Duration

22.. This Consent Decree shall be in effect for the period of 24 months, during which time the Court shall retain jurisdiction of the matter to enforce this Decree, provided, however, that if JES Personnel Consultants, Inc. returns to business as an employment agency or Dale J. Sippel engages in business as an employment agency within two years from the entry of this Consent Decree ("reestablishes business"), this Decree shall be in effect and the court shall retain jurisdiction to enforce the provisions of this Consent Decree against The Reestablished Business for two years following the reestablishment of business. If EEOC invokes the dispute resolution process of paragraph 24, the period of this Consent Decree shall be automatically extended for a period of time equal to the time it takes for the dispute to be resolved.

## Enforcement

23. The Reestablished Business shall make available on three business days notice its personnel whom the EEOC requests to interview for purposes of verifying compliance with this Decree, and shall allow EEOC reasonable access to its facilities to verify compliance with paragraph 16 hereof.

## Dispute Resolution

24. If the EEOC has reason to believe that The Reestablished Business is not complying with this Consent Decree, the EEOC shall so notify it in writing. The Reestablished Business will then have ten business days in which to achieve compliance or to satisfy the EEOC that there has been no non-compliance; if it does neither, the EEOC shall have the right to apply to the Court for appropriate relief.

## Miscellaneous Provisions

25. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of JES and The Reestablished Business. JES and The Reestablished Business, and any of their successors, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with JES or The Reestablished Business, or any successor of it prior to the effectiveness of any such

7

acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

26.     When this Decree requires the submission by JES or The Reestablished Business of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Gordon Waldron, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to The Reestablished Business, they shall be mailed to Kathleen McDonough, Segal McCambridge Singer and Mahoney, Ltd., 233 S. Wacker Drive, Suite 5500, Chicago, IL 60606

27.     If any provision of this Consent Decree is found to be unlawful, only the specific provision in question shall be affected and all other provisions will remain in full force and effect.

28.     EEOC and JES shall bear their own expenses, attorney's fees, and costs.


Approved for Plaintiff EEOC


P. David Lopez
General Counsel

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Gregory Gochanour
Supervisory Attorney

*Gordon Waldron*

Gordon Waldron, Senior Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Phone: (312) 869-8121

*Laura Feldman*

Laura Feldman, Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Phone (312) 869-8108

Approved for Intervening Plaintiff, Steven Seyle

Joseph A. Longo
Longo and Associates, Ltd.
2100 West Haven
Mount Prospect, IL 60056
Phone: 847-640-9490

Approved for Defendant, JFS

Kathleen McDonough
Natacha D. McClain
Segal McCambridge Singer and Mahoney, Ltd.
233 S. Wacker Drive, Suite 5500
Chicago, IL 60606
Phone: (312) 645-7800

Dale L Sippel      JOS Individual Industry

ENTERED AND ORDERED THIS 9TH DAY OF AUGUST 2012

Magistrate Judge Schenkier

## EXHIBIT A

## NOTICE TO EMPLOYEES AND APPLICANTS

This Notice is posted pursuant to an agreement between the Equal Employment Opportunity Commission ("EEOC") and JES Personnel Consultants, Inc. d/b/a/ Genie Temporary Service ("Genie") resolving a lawsuit filed by EEOC against Genie. In its suit, EEOC alleged that Genie violated the Americans with Disabilities Act ("ADA") by discriminating against a contract employee with a disability by failing to place the contract employee in temporary jobs because of his or her disability. JES filed an answer and affirmative defenses in which it denied the allegations of EEOC's complaint. It has since advised EEOC and the Court that it is going out of business. In the interest of resolving this matter, the parties agreed to enter into a Consent Decree that provides that JES shall pay an agreed amount of monetary relief to a disabled employee, and that if JES or is President and Owner reestablish an employment agency business, the Reestablished Business:

1)   Shall not discriminate against any person because of his/her disability.

2)   Shall adopt and make available to employees an Americans with Disabilities Act ("ADA") Policy.

3)   Shall not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, or participated in any proceeding under the ADA.

4)   Shall take other steps to promote compliance with the ADA, including providing mandatory training to certain employees regarding disability discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact EEOC at 800-669-4000. The EEOC charges no fees, has a TTD number, and has employees who speak languages other than English.

### This Is An Official Notice And Must Not Be Defaced By Anyone

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Gordon Waldron, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661 (312) 869-8123.

08-09-12
Date

**Magistrate Judge Schenkier**
United States District Court for the Northern District of Illinois

10